## PETERMAN *v.* OTT.

PRACTICE.—*Assignment of Judgment Before Appeal.—Parties.*—If a judgment has been rendered by a justice of the peace, and before an appeal has been taken by the defendant, the plaintiff assigns the judgment on the docket of the justice, a motion made by the defendant in the court to which he appeals, to dismiss the cause as to the original plaintiff, and to substitute the assignee, should be overruled.

SAME.—In such case the action may be continued in the name of the original party, or the court may allow the assignee to be substituted in the action.

From the Ripley Common Pleas.

*S. B. Jones, J. W. Gordon, T. M. Browne, R. N. Lamb,* and *J. N. Kimball,* for appellant.

*E. P. Ferris,* for appellee.

DOWNEY, C. J.—This was an action by the appellee against the appellant commenced before a justice of the peace. The complaint is, that the defendant is indebted to the plaintiff in the sum of one hundred and fifty dollars, money loaned to one Charles Conover at the special instance and request of the defendant, in consideration whereof the defendant promised to pay the plaintiff the said amount, and that the same remains due and unpaid. There was a second paragraph of the complaint, but it need not be particularly noticed. Before the justice of the peace, there was judgment for the plaintiff. The defendant appealed to the common pleas, where there was a trial by jury, a general verdict for the plaintiff, with certain answers to interrogatories, a motion for a new trial by the defendant overruled, and final judgment for the plaintiff. After the rendition of the judgment by the justice of the peace and before the appeal was taken, the plaintiff assigned the judgment, on the docket of the justice, to one Charles White. In the common pleas, a motion was made by the defendant to dismiss the cause as to Ott, and substitute White in his place as the plaintiff and real party in interest. This motion was overruled. The errors assigned are the overruling of this motion and the refusal to grant a new trial.

Peterman *v.* Ott.

On the first point, our opinion is, that the motion was properly overruled. In case of such a transfer of interest, the action may be continued in the name of the original party; or the court may allow the person to whom the transfer is made to be substituted in the action. 2 G. & H. 51, sec. 21. This section is made applicable to the practice before justices of the peace by sec. 75, p. 600, 2 G. & H.' It was therefore applicable to the case on appeal to the common pleas.

Several reasons for a new trial were stated in the motion. It appears from the evidence that Peterman, the appellant, had purchased, or was about to purchase, from Conover a lot of staves; that it was desirable to have one hundred and fifty dollars for Conover; that Mrs. Ott had money, and that Ott, the appellee, wrote this order which was given to Conover:

"Margaret Ott:—Lend C. Conover one hundred and fifty dollars. He will pay it back on Friday next or sooner.

"MATT. OTT."

Soon after this, Conover ran away with Ott's wife, and Ott came to the possession of the order in consequence of the same having been left by his wife when she fled. We think the tendency of the evidence, altogether, is to show that the money was loaned on the order by Mrs. Ott to Conover; that on the next Friday Conover was to count and deliver the staves to Peterman, and that Peterman was then to pay the one hundred and fifty dollars to Conover to repay Mrs. Ott; that Conover did not count and deliver the staves, and consequently Peterman did not pay the money. The written order by Ott to his wife is inconsistent with the idea that the money was borrowed by Peterman, or that he was to repay it. The request was to lend Conover the money, and he would pay it back on Friday, etc. The appellee himself testified that the money which Mrs. Ott was requested to lend and did lend to Conover was her own money. We see no ground on which the jury could properly have found for the plaintiff.

VOL. XLV.—15

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.